UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TAMMY IVES | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 15-cv-30025-MGM |
| | ) |
| JOHN AGASTONI and DANIEL FORD, | ) |
| individually and in their official capacit[ies] | ) |
| [as] Justice[s] of the Superior Court | ) |
| of Berkshire County | ) |
| | ) |
| Defendants. | ) |

REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION TO
PROCEED *IN FORMA PAUPERIS* AND FURTHER RECOMMENDATION
FOR SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)(2)
(Docket No. 2)

ROBERTSON, U.S.M.J.

On February 12, 2015, Tammy Ives ("Plaintiff"), a self-represented party, filed this civil action pursuant to 42 U.S.C. § 1983 against Justices John Agostini[1] and Daniel Ford of the Superior Court Department of the Massachusetts Trial Court (together, "Defendants"). Presently before the court is Plaintiff's motion to proceed *in forma pauperis* (Docket No. 2), which has been referred to this court. For the reasons that follow, the court will recommend allowing Plaintiff's motion to proceed *in forma pauperis*, but because the complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2), the court further recommends that the complaint be dismissed with prejudice. *See* 20 U.S.C. § 636(b)1)(B); Fed. R. Civ. P. 72(b)(1).

I.  Background

Plaintiff's complaint alleges that the Defendants violated her rights under the First, Fifth,

---

[1] The court takes judicial notice of the correct spelling of the Honorable John Agostini's last name.

Seventh, and Fourteenth Amendments of the U.S. Constitution. Defendants presided over and issued ruling in several cases brought by Plaintiff in 2014 in Berkshire County Superior Court.

Plaintiff complains of various alleged unlawful acts, including, for example, that "[e]very single motion" she filed in a May 2014 state civil action was "denied without a reason." (Complaint ("Compl.") at p. 2.) She alleges that she was denied due process when she did not receive the trial she asked for, and that her First Amendment rights were violated when she was not allowed "time to talk about the reasons [her] case should be heard for trial." (Compl. at 2.) Plaintiff asserts that her rights under the Seventh Amendment were violated because she did not have the opportunity to participate in a trial and present her case. (Compl. at 2.) In addition, Plaintiff alleges multiple instances where her motions, for example, to remove parties and attorneys, were not "answered" or were "ignored." (Compl. at 2-3.) Throughout the complaint, Plaintiff alludes to Defendants' bias against self-represented parties. She further alleges that Defendants delayed action on her motions or complaints "as long as possible or [had] the clerk 'lose' them." (Compl. at 4.)

Plaintiff's complaint does not set out specific enumerated causes of action, but, in her prayer for relief, she requests injunctive relief directing Defendants to review all her cases, declaratory relief as appropriate, and a monetary award for the costs of litigation and travel.

II. Discussion

Upon review of Plaintiff's application, the court concludes that she is without income or assets to pay the filing fee. Accordingly, the court recommends granting the motion to proceed *in forma pauperis*. That does not end the court's inquiry, however. Because Plaintiff is proceeding *in forma pauperis*, her complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2). This statute authorizes federal courts, at any time, to dismiss actions in which a

plaintiff seeks to proceed without prepayment of fees if, *inter alia*, the action fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See id.*

To state a claim upon which relief may be granted, a complaint must allege a "plausible entitlement to relief." *Rodriguez–Ortiz v. Margo Caribe, Inc.,* 490 F.3d 92, 95 (1st Cir.2007). A complaint must recite facts sufficient to at least "raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). "In determining whether a complaint crosses the plausibility threshold, the reviewing court must draw on its judicial experience and common sense." *García–Catalán v. United States,* 734 F.3d 100, 103 (1st Cir. 2013) (internal quotation marks omitted). In addition, this court has an independent obligation to inquire into whether it has subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004). For purposes of this preliminary screening, the court liberally construes Plaintiff's complaint because she is self-represented. *See Rodi v. Southern New England Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004) (citing *Boivin v. Black*, 225 F.3d 36, 43 (1st Cir. 2000)). Nevertheless, even allowing for a liberal construction of Plaintiff's allegations, the court recommends that the complaint be dismissed with prejudice for the reasons set forth below.

First, by her complaint, Plaintiff seeks to challenge the validity or lawfulness of the judgments or rulings entered by Defendants. The federal court lacks subject matter jurisdiction over such a claim because, under the *Rooker-Feldman* doctrine, a federal district court does not have subject matter jurisdiction over a judgment of a state court. *See Geiger v. Foley Hoag LLP*

3

*Retirement Plan*, 521 F.3d 60, 65 (1st Cir. 2008); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005). The *Rooker-Feldman* doctrine "means in a nutshell that a federal court below the United States Supreme Court does not have jurisdiction over a claim that seeks in essence to overturn a state court judgment. Instead, the proper avenue for such a challenge is to the state's highest court and from there to the United States Supreme Court." *Bradbury v. GMAC Mortg., LLC*, 780 F. Supp. 2d 108, 113 (D. Me. 2011); *see Davison v. Gov't of Puerto Rico-Puerto Rico Firefighters Corps.*, 471 F.3d 220, 223 (1st Cir. 2006) ("[T]he proper forum for challenging an unlawful state court ruling is the United States Supreme Court, on appeal of the highest state court's final judgment."). Accordingly, this court lacks jurisdiction to consider Plaintiff's prayer for relief seeking "injunctive relief commanding defendants to review all cases." (Compl. at 5.) *See Puerto Ricans for Puerto Rico Party v. Dalmau*, 544 F.3d 58, 68 (1st Cir. 2008) (plaintiff precluded from "'seeking review and rejection'" of state court judgments in federal court) (quoting *Exxon Mobile Corp.*, 544 U.S. at 291 (2005)); *Walton v. Claybridge Homeowners Ass'n, Inc.*, No. 10-3970, 2011 WL 3331944 (7th Cir. Aug. 3, 2011) (plaintiff's lawsuit against state court judge and others barred by *Rooker-Feldman* doctrine where the plaintiff sought injunctive relief from rulings of state court judge); *Marciano v. White*, No. 09-56897, 2011 WL 1748350 (9th Cir. May 9, 2011) (same).

Second, insomuch as Plaintiff's claims against Defendants are based on their judicial acts and seeks monetary relief, the complaint fails to state a claim for relief. Absolute judicial immunity bars any such challenge. *See Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) ("immunity of judges for acts within the judicial role is [ ] well established"); *Allard v. Estes*, 197 N.E. 884, 886 (1935) ("[E]very judge whether of a higher or lower court is exempt from liability to an action for any judgment or decision rendered in the exercise of jurisdiction vested in him by

law."). Such "immunity is founded upon considerations of public policy to the end that the administration of justice may be independent, based upon free and unbiased convictions and not influenced by apprehension of personal consequences." *Allard*, 197 N.E. at 886.[2] "Like other forms of official immunity, judicial immunity is an *immunity from suit*, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (emphasis supplied).

As the First Circuit recently held, absolute immunity applies to "judges performing judicial acts within their jurisdiction," and the protection it offers applies even if the official "acted maliciously and corruptly in exercising his judicial . . . functions" or "in the presence of grave procedural errors." *Goldstein v. Galvin*, 719 F. 3d 16, 24 (1st Cir. 2013) (internal quotation marks omitted); *see Mireles*, 502 U.S. at 11 (absolute judicial immunity "is not overcome by allegations of bad faith or malice"). Here, all the alleged wrongful acts involve judicial functions, including the adjudication of disputes, weighing evidence, making factual findings, reaching legal determinations, choosing sanctions, and expounding reasons for decisions, which are acts regularly performed by a judge within the scope of his or her jurisdiction. *See Goldstein*, 719 F. 3d at 25. Regardless of any allegations of malice, prejudice, or bias or other alleged errors in connection with the issuance of Defendants' rulings, Defendants are plainly immune from suit.

Finally, with respect to Plaintiff's request for declaratory relief, she does not specify what form the declaratory relief would take and the complaint cannot be read to request declaratory relief in the true legal sense. *See, e.g.*, *Clay v. Osteen*, No. 1:10CV399, 2010 WL 4116882, at *4

---

[2] "'If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits. The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication.'" *Gallas v. Supreme Court of Penn.*, 211 F.3d 760, 768 (3d Cir. 2000) (quoting *Forrester v. White*, 484 U.S. 219, 226-27 (1988)).

5

(M.D.N.C. Oct. 19, 2010). "A declaratory judgment is meant to define the legal rights and obligations of the parties in anticipation of some future conduct, not simply to proclaim liability for a past act." *Lawrence v. Kuenhold*, 271 Fed. Appx. 763, 766 (10th Cir. 2008). Although the complaint prays for both declaratory and injunctive relief, Plaintiff in fact seeks an injunctive remedy, specifically, an order "commanding defendants to review all cases." (Compl. at 5.) The language of 42 U.S.C. § 1983, as amended by the Federal Courts Improvement Act of 1996, "specifically bars this type of injunctive relief against state court judges." *Nollet v. Justices of Trial Court of Mass.*, 83 F. Supp. 2d 204, 210 (D. Mass. 2000); *see Roth v. King*, 449 F.3d 1272, 1286 (D.C. Cir. 2006) (section 1983, as amended, "explicitly immunizes judicial officers against suits for injunctive relief"). Even if Plaintiff were to amend her complaint to seek a declaratory judgment defining the legal rights and obligations of the parties regarding some future conduct, e.g., the handling of future cases and the treatment of the parties thereto, "it is beyond the powers of a federal court to promulgate rules for a state court." *Nollet*, 83 F. Supp. 2d at 210 (dismissing claim seeking decree commanding the Family and Probate Court to "adopt measures to prevent discrimination against men"). Moreover, declaratory judgment is only available "[i]n a case of actual controversy," 28 U.S.C. § 2201, where "there is a substantial controversy . . . of sufficient *immediacy and reality* to warrant the issuance of declaratory judgment." *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941) (emphasis added). Here, the alleged misconduct is not in violation of any constitutionally protected interest such that an actual controversy exists.

III. Conclusion

For these reasons, it is this court's RECOMMENDATION that Plaintiff's Motion to Proceed *In Forma Pauperis* be granted, but that the case be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(h)(3) and 28 U.S.C. §§ 1915(e)(2).[1]

/s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
United States Magistrate Judge

DATED: April 3, 2015

---

[1] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court within fourteen (14) days of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.